United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Richard and Linda Chelton,   Case No. 10-65032-R
        Debtors.   Chapter 7
_____/

Carl Messing,
        Plaintiff,

v.   Adv. No. 10-6921

Richard Chelton,
        Defendant.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

The debtors, Richard and Linda Chelton, filed for chapter 7 protection on August 6, 2010. On October 5, 2010, the plaintiff, Carl Messing, filed this adversary complaint against Richard Chelton to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2) and (a)(4). In the complaint, Messing alleges that Chelton informed him of a business opportunity through Chelton's businesses, Market Place Homes and Market Properties, whereby Messing would purchase residential property, pay a fee to Chelton and Chelton would lease the property to a tenant for profit. Messing alleges that he executed a limited power of attorney in favor of Chelton and that Chelton purchased property in Harper Woods on Messing's behalf. Messing alleges that he paid a total of $20,903 for closing costs and participant fees. Messing alleges that Chelton obtained a tenant for the property, Cheryl Dorsey, and sold Dorsey an option to purchase the property for $9,900, without his authority. He further alleges that Chelton later sold the property to Dorsey on land contract

without his authority.

In Count I for fraudulent misrepresentation, Messing alleges that in reliance on Chelton's misrepresentations, he purchased the property in Harper Woods. He contends that Chelton's conduct violated § 523(a)(4).

In Count II, seeking nondischargeability under § 523(a)(2)(a) and (a)(4), Messing contends that Chelton obtained money from the tenant in the form of rent, sale of an option to purchase and sale of the home, by means of false pretenses, false representation, or actual fraud.

The parties have filed cross-motions for summary judgment.

II.

Messing has withdrawn some of the allegations in his complaint and is now only seeking damages for Chelton improperly selling an option to purchase to Dorsey and for Chelton selling the property to Dorsey on land contract without Messing's consent. Messing asserts that Chelton's action of selling the option to purchase to Dorsey for $9,900 violates § 523(a)(2) and (a)(4) because Chelton sold the option prior to the closing on the purchase of the home and did not have the authority to do that.

Messing also asserts that Chelton signed Messing's name to the land contract sale to Dorsey without the authority to do so.

Messing seeks damages of $9,900 for the improper sale of the option to purchase and $40,214.30, which represents the difference between the amount Messing owes on the mortgage ($160,961.14) and the amount of Chelton's option to purchase ($201,175.44).

Messing also asserts, for the first time, that the debt is also nondischargeable under § 523(a)(6).

Chelton asserts that his actions cannot lead to a finding of nondischargeability. He contends that he started his business to help people purchase homes who would not otherwise qualify for a mortgage due to poor credit. He states that he would locate an individual who wanted to purchase a home, have an investor obtain the mortgage and purchase the home, then when the individual's credit was repaired, the home was sold to them. He contends that Messing participated in a previous home purchase through Chelton's company in 2005, which was then sold to the tenant in 2008. Chelton contends that Messing made a profit on the investment, which is why Messing failed to mention it.

Chelton argues that the housing market crashed after the purchase of the home in question and Cheryl Dorsey, the tenant, was not able to obtain a mortgage. Chelton contends that he sold the home to Dorsey on a land contract to make it easier for her to obtain a mortgage. Chelton asserts that Messing has not suffered any damages. He argues that the $9,900 option to purchase that he sold to Dorsey did not impact Messing in any way. Further, he argues that Messing instructed him to sell the property and that the land contract has not harmed Messing. He asserts that if Dorsey completes the land contract, Messing will be fully paid; if Dorsey defaults on the land contract, Messing can recover possession of the property.

Chelton contends that there is no evidence to substantiate a claim under either § 523(a)(4) or § 523(a)(2).

### III.

In *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277 (6th Cir. 1998), the court explained that under § 523(a)(2)(A), the creditor must prove the following elements:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross

3

> recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Id.* at 280-81 (footnote omitted) (citing *Longo v. McLaren* (*In re McLaren*), 3 F.3d 958, 961 (6th Cir. 1993)).

Section 523(a)(4) provides that a chapter 7 discharge does not discharge an individual from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4). To satisfy the fiduciary capacity element of § 523(a)(4) in the context of fraud or defalcation, the fiduciary capacity must be based on "the existence of a pre-existing express or technical trust whose res encompasses the property at issue." *Commonwealth Land Title Co. v. Blaszak* (*In re Blaszak*), 397 F.3d 386, 391 (6th Cir. 2005).

To establish the existence of an express or technical trust, the creditor must demonstrate: "(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *In re Blaszak*, 397 F.3d at 391-92.

Messing's claims under both § 523(a)(2) and (a)(4) must fail. There is no evidence that Chelton obtained money through a material misrepresentation and that he intended to deceive Messing. Further, there was no express trust, as required under § 523(a)(4).

To the extent that Messing is now asserting a claim under § 523(a)(6), that was not included in the complaint and is untimely.

4

10-06921-swr    Doc 39    Filed 05/31/11    Entered 05/31/11 10:52:05    Page 4 of 5

Accordingly, summary judgment is granted in favor of Chelton.

Not for Publication

**Signed on May 31, 2011**

                                                 /s/ Steven Rhodes
                                             **Steven Rhodes**
                                             **United States Bankruptcy Judge**